**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 09, 2007**

_____
ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CARLOS EDUARDO SARABIA | § | CASE NO. 06-31109-RCM |
| and ROCIA SARABIA, | § | |
| | § | Chapter 13 |
| Debtors. | § | |

**ORDER OVERRULING
DEBTORS' OBJECTION TO THE DEFICIENCY CLAIMS OF GECU
AND SUSTAINING GECU'S OBJECTION TO CONFIRMATION OF PLAN**

On April 24, 2007, the court held a hearing on the Debtors' Objection to the Deficiency Claims Filed by Government Employees Credit Union ("GECU"), and GECU's Objection to Confirmation of Chapter 13 Plan (Amended) (Treatment of Deficiency Claim). The parties appeared through counsel and presented argument. The court took the matter under advisement at the conclusion of the hearing.

FACTS

The parties stipulated at the hearing to the relevant facts, and the court adopts those stipulated facts. In particular, there is no dispute that the Debtors purchased a 2003 Ford F350 pickup truck on November 26, 2004, and a 2005 GMC Yukon sports utility vehicle on February 8, 2005. GECU financed both purchases, and took a purchase money security interest in each

vehicle to secure each loan. On October 9, 2006, the Debtors filed this Chapter 13 case. Both vehicles were, therefore, purchased within the 910-day period preceding the filing of the case.

The Debtors filed their Chapter 13 plan on October 9, 2006, also. It provides that both vehicles will be surrendered to GECU "in lieu of claim."[1] GECU took possession of the vehicles and foreclosed its security interests and, notwithstanding the language in the still unconfirmed plan, filed proofs of claim for unsecured deficiencies on each loan–specifically, a $6,472.34 deficiency claim on the pickup loan, and a $16,309.82 deficiency claim on the Yukon loan. The Debtors objected to those claims.

ISSUE PRESENTED

The Debtors argue that the claims should not be allowed under a recent change to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") governing claims filed in chapter 13 cases involving motor vehicles purchased within 910 days of the bankruptcy filing. Specifically, Debtors assert this amendment to 11 U.S.C. § 1325(a) allows them to surrender to GECU both vehicles that they purchased within 910 days of their bankruptcy filing in full satisfaction of the two debts they owe GECU. They assert that the combination of 11 U.S.C. § 1325(a)(5)(C), which allows a plan to provide for surrender of collateral, and the text appearing immediately after § 1325(a)(9), which text states that § 506 no longer applies to value a motor vehicle bought within 910 days of

---

[1] The Debtors' Chapter 13 plan uses the approved "form" for this District and so provides, in Section VI(1)(B), "Specific Treatment for Payment of Allowed Claims–Payments to Be Made by the Debtor Directly to Creditors, Including Post-Petition Domestic Support Obligations":

> Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C.§ 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

The Debtors' plan lists the two vehicles under this boilerplate language as collateral to be surrendered to GECU, with the notation "Surr. in lieu of claim" next to each listing. The general rule is that specific language should trump boilerplate, and GECU has not argued to the contrary in this case. *See e.g.,* **Baton Rouge Oil and Chemical Workers Union v. ExxonMobil Corp.**, 289 F.3d 373, 377 (5th Cir. 2002) (*citing* Restatement (Second) of Contracts § 203(c), and stating that "[i]t is a fundamental axiom of contract interpretation that specific provisions control general provisions."). Therefore, the court construes the plan in this case as providing for surrender in full satisfaction.

2

the bankruptcy filing [called the "Hanging Paragraph"], allows the Debtors' proposed full value surrenders, notwithstanding the objection of GECU. The latter argues that BAPCPA did not affect the treatment of deficiency claims arising as a result of the surrender of a vehicle pursuant to a Chapter 13 plan.

## JURISDICTION

The court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(B) (allowance or disallowance of claims), (b)(2)(L) (confirmation of plans), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represent the court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

## DISCUSSION

Section 1325(a)(5) provides that:

> the court shall confirm a plan if . . . with respect to each allowed secured claim provided for by the plan--
> (A)    the holder of such claim has accepted the plan;
> (B)    (i)    the plan provides that--
>                 (I)    the holder of such claim retain the lien securing such claim until the earlier of--
>                         (aa)    the payment of the underlying debt determined under nonbankruptcy law; or
>                         (bb)    discharge under section 1328; and
>                 (II)   if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>         (ii)   the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>         (iii)  if--
>                 (I)    property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>                 (II)   the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
> (C)    the debtor surrenders the property securing such claim to such holder . . ..

3

The Hanging Paragraph [the text immediately following § 1325(a)(9) of the Bankruptcy Code as amended under BAPCPA] states that:

> [f]or purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing . . ..

Courts throughout the country are struggling with the correct application of this Hanging Paragraph language to motor vehicle claims when the vehicle was purchased with recourse debt within 910 days preceding the bankruptcy filing, the vehicle is surrendered pursuant to provisions of the plan, the creditor forecloses its security interest in the vehicle, and an amount remains owing. There is case law both denying and allowing the creditor the right to file a deficiency unsecured claim, with the majority having disallowed deficiency claims. *See e.g.,* **In re Osborn**, 2007 WL 542435 (B.A.P. 8th Cir.) (majority view); **In re Gentry**, 2006 WL 3392947 (Bankr. E.D. Tenn.) (same); **In re Ezell**, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) (same).

This court, however, finds the reasoning of the minority to be the more persuasive and has sided with those courts in its recent decision in **In re Newberry**, 06-60241, docket nos. 50, 51, Judgment and Memorandum Opinion Denying Debtors' Objection to Amended Claim. *See also* **In re Zehrung**, 351 B.R. 675 (W.D. Wis. 2006); **In re Particka**, 355 B.R. 616 (Bankr. E.D. Mich. 2006); **In re Clark**, 2007 WL 625272 (Bankr. N.D. Miss.). For the reasons stated in **Newberry**, the court holds that the Debtors' Objection to Deficiency Claims Filed by Government Employees Federal Credit Union in this case should be overruled, and the two deficiency claims of GECU should be allowed as filed.

The court also holds that GECU's objection to confirmation should be sustained and the Debtors' plan should be denied confirmation, without prejudice to its amendment within 30 days of the date of this order. Absent an amendment or the filing of a notice of conversion by the Debtors during that 30-day period, the Trustee shall be authorized to submit an order summarily dismissing the case.

IT IS SO ORDERED.

# # #